THE NEW FOUNDLAND RAILWAY CONSTRUCTION COMPANY, appellant,

*v.*

RUDOLPH W. SCHACK, respondent.

1. Allegations in a bill that the company is insolvent and has suspended its business for want of funds to carry on the same, are not sufficient in a bill to have a corporation declared insolvent and a receiver appointed. The facts and circumstances must be set out from which the insolvency of the corporation shall appear.

Newfoundland Railroad Construction Co. v. Schack.

2. Section thirty-four of the corporation act (*Rev. p. 182*) authorizes the dis-
solution of a corporation before the time limited in the certificate of incor-
poration in its charter, by the resolution of a majority of the whole board of
directors, at a meeting called for that purpose, on three days' notice to each
director, and the consent of two-thirds in interest of all its stockholders, at a
meeting of stockholders convened upon notice, such consent being expressed
in meeting, and being duly attested by its secretary and filed in the office of
the secretary of state. The fifty-seventh section makes the directors of the
corporation at the time of its dissolution its trustees to close up its business,
pay its debts, and divide the surplus remaining among the stockholders. The
sixteenth section authorizes the chancellor, upon the dissolution of a corpora-
tion, either to continue the directors as trustees or to appoint a receiver for the
corporation.—*Held*, that the power of the chancellor to interpose and take
from the directors the power to close up the business of the corporation and to
put its affairs in the hands of a receiver, is a *discretionary power to be exer-
cised only on good cause shown*, upon circumstances disclosed by the proofs
which show the need of the interference of the court for the protection of
creditors or stockholders from breaches of trust by the directors in the perform-
ance of their duties.

On appeal from an order advised by Vice-Chancellor Bird,
whose conclusions are as follows:

With the answer and proofs before me I am not warranted in
appointing a receiver. It may come to this, however, on final
hearing. Hence I do not advise that the bill be dismissed, as
was urged. It is said that the bill does not bring the defendant
corporation within the jurisdiction of this court. There is much
force in this view, but under the very peculiar circumstances
and developments of the case, I think I should advise against
the insistment that the bill should be dismissed. I wish to add
that I have not been unmindful of the fact that many of the im-
portant circumstances in the case to which I have alluded, the
complainant has himself been to some extent responsible for, as
I conceive, yet as they now appear, in justice to all, he should be
further heard. I will advise an order discharging the order to
show cause, except as to the restraining part thereof. I will ad-
vise an order that the restraining clause therein be continued
until the further order of the court. Let the costs abide the final
hearing.

Newfoundland Railroad Construction Co. v. Schack.

*Messrs. Vredenburgh & Garretson*, for appellant.

I. The insolvency of the company, as provided by statute. The object of the act is to secure to the creditors of each institution an equal distribution of its assets. *Van Wagenen* v. *Paterson Sav. Bank, 2 Stock. 13; Rawnsley* v. *Trenton Mutual Life Ins. Co., 1 Stock. 95, 347.* Insolvency in a corporation is the same as insolvency in an individual—it is insolvent when not able to pay its debts—which means a general inability to answer, in the course of business, the liabilities existing and capable of being enforced, but it is a condition to be proved, not to be assumed. *2 Potter on Corp.* § *622; Brower* v. *Harbeck, 9 N. Y. 594; Cullen* v. *Sanger, 2 Y. & J. 459; 2 Bouv. Law Dict. 157; Bayley* v. *Schofield, 1 M. & S. 338; Prince* v. *Bartlett, 8 Cranch 431.*

II. No general equitable grounds are stated in the bill, upon which any injunction can be maintained. A stockholder cannot call upon the corporation to account. None of the officers are made defendants to this bill. *Yard* v. *Pacific Mut. Ins. Co., 2 Stock. 480.* A majority of two-thirds has a right to dissolve the corporation. *Rev. " Corporations " p. 182 § 34; Ang. & A. on Corp.* §§ *393, 499.*

*Mr. T. N. McCarter*, for respondent.

The opinion of the court was delivered by

DEPUE, J.

This bill was filed by the respondent, a stockholder of the construction company, in behalf of himself and all the stockholders and creditors of the company who should contribute to the expenses of the suit.

The charge in the bill is that the company is insolvent, and has suspended business for the want of funds; that the directors have misappropriated the property of the company, and have taken steps for the dissolution of the corporation, and that the property of the company will be entirely squandered unless the court should interfere.

The bill prays for discovery and an account, and also an in-junction restraining the company from receiving any debts due to it, from paying and transferring any of its moneys or effects, and from continuing its business, and that it may be decreed to be insolvent, and that a receiver be appointed.

A rule to show cause why an injunction should not issue pursuant to the prayer of the bill, and a receiver be appointed to take charge of all the property and estate, books and papers of the corporation, was allowed, and it was further ordered that until the order should be made absolute or be discharged the corporation and its stockholders should absolutely desist and refrain from dissolving or winding up the corporation, or from doing any act tending to such dissolution, and that its officers, agents, servants and employees absolutely desist and refrain from contracting any debt or debts, and also from collecting or receiving any money owing to the corporation, and also from paying out any money, or selling, assigning, encumbering or transferring any of its property or effects.

On a hearing upon the bill, answer and depositions, the vice-chancellor refused to appoint a receiver, and discharged the rule to show cause, but ordered that the restraining order should be continued until further order should be made. From the order continuing the injunction the company appealed.

The jurisdiction of the court of chancery to take charge of and control the business and affairs of a corporation is provided for by statute.

Section seventy of the corporation act provides that whenever any incorporated company shall have become insolvent, or shall suspend its ordinary business for want of funds to carry on the same, the chancellor may, on the petition or bill of any creditor or stockholder, setting forth the facts and circumstances of the case, make summary investigation, and if it shall be made to appear that the company has become insolvent, and shall not be about to resume its business in a short time thereafter, with safety to the public and advantage to the stockholders, the chancellor may issue an injunction to restrain the company and its officers and agents from exercising any of the privileges or franchises

granted by its certificate or by the act incorporating the company, and from collecting or receiving any debts, or from paying out, selling, assigning or transferring any of the estate, moneys, funds, lands, tenements or effects of the company, until the court shall otherwise order. By section seventy-two the chancellor may, either at the time of ordering such injunction or at any time afterwards during the continuance of the injunction, appoint a receiver if the circumstances of the case and the ends of justice require the intervention of a receivership. *Rev. 189.*

With respect to the insolvency of the corporation, the only allegations in the bill are, that the company is indebted to divers persons in a large sum of money for goods furnished and work and labor done and money advanced to and for the said company, at their request and upon their order, as the complainant has been informed and believes; that the company is insolvent, and that it has suspended its business for want of funds to carry on the same. These allegations are insufficient to make a case within the purview of the statute. The facts and circumstances must be set out in the bill from which the insolvency of the company shall appear. *Rawnsley* v. *Trenton Life Ins. Co., 1 Stock. 95, 347.*

The company's answer in denial of its insolvency was full and explicit, and the answer is supported by the depositions. The vice-chancellor's order refusing to appoint a receiver on the score of insolvency was proper, and there was no reason shown for retaining the restraining order on that ground.

The only act of malfeasance charged against the directors is that they have taken steps for the dissolution of the corporation. The company obtained from one Fairbanks the assignment of a contract he had with the New Foundland Railway Company, a corporation incorporated by the legislature of New Foundland for the construction of a line of railroad in New Foundland three hundred and forty miles in length for the sum of $6,000,000 of its first mortgage bonds, and $6,000,000 of its capital stock, together with all local subsidies and donations granted in aid of the construction of said railroad. The bill charges that the endeavors of the directors to dissolve and wind up the construction

·company are the outgrowth of an agreement made by certain of its directors and stockholders with the London bankers or financial managers of the railway company to turn over to the railway company the said contract and the valuable rights accruing thereunder, for the purpose of defrauding those holding the minority of the stock in the construction company.

This charge of fraud is denied in the answer, and there is no support for it whatever. The facts disclosed appear to be these: On the 14th of June, 1884, a paper signed by the owners of four thousand one hundred and eighty-six shares of the capital stock of the construction company, out of the six thousand shares, which was its entire capital stock, was presented, requesting the officers and board of trustees of the construction company to receive of the New Foundland Railway Company, any shares of the capital stock of the railway company coming to the construction company, and to take the legal steps necessary to wind up and secure a legal dissolution of the construction company at the earliest practicable date. In compliance with this petition the directors of the construction company received of the railway company three thousand shares of its capital stock, divided them, *pro rata*, among the stockholders of the construction company— the complainant receiving his allotted share without objection— and adopted a resolution on the 30th of June, 1884, that in the judgment of the board it was advisable and meet for the benefit of the construction company that the same should be forthwith dissolved, and called a meeting of the stockholders, to be held on the 29th of July, 1884, to take action upon the said resolution. The complainant's bill was filed before the day appointed for the stockholders' meeting, and the proceedings upon the resolution for a dissolution of the company were arrested by the injunction order.

The thirty-fourth section of the corporation act authorizes the dissolution of a corporation before the time limited in its charter. It provides that whenever, in the judgment of the board of directors, it should be deemed advisable, and most for the benefit of the corporation, that it should be dissolved before the time limited in its certificate of incorporation or in its charter, a reso-

lution to that effect should be adopted by a majority of the whole board of directors at a meeting called for that purpose, on three days' notice to each director; and thereupon a meeting of the stockholders should be convened as specified in the statute; and if, at such meeting, two-thirds in interest of all the stockholders shall consent, in writing, that such dissolution shall take place, upon filing a certificate of such consent in the office of the secretary of state, the corporation shall be dissolved.

The bill admits that the resolution of the board of directors was passed by a majority of the whole board at a meeting held in compliance with, and upon the notice prescribed by the statute; and the steps that were taken to submit the action of the board to the stockholders were in accordance with the statutory requirements. All the steps which had been taken towards the dissolution of the corporation when this bill was filed appear to have been regular, and it also appears that they were taken upon the request of the owners of more than two-thirds of the capital stock of the company. Everything done was regular in form, and, for aught that appears, was done in good faith.

The fifty-seventh section of the corporation act makes the directors of the corporation, at the time of its dissolution, its trustees, with full power to settle its affairs, collect the outstanding debts and divide the moneys or other property among the stockholders, after paying the debts due and owing by the corporation, as far as such moneys and property will enable them. *Rev. 187.* The sixtieth section authorizes the chancellor, upon the dissolution of a corporation, on the application of any creditor or stockholder, either to continue the directors as trustees or to appoint a receiver for the corporation; and upon such application, the chancellor is, by the sixty-first section, authorized to make such orders, injunctions and decrees therein as justice and equity shall require.

The statute confers upon the majority of the board of directors, with the concurrence of the owners of two-thirds of the capital stock, the power to dissolve the corporation, and, with great propriety, vests in the directors, who are the chosen representatives of stockholders, the power to close up the business and

affairs of the corporation upon its dissolution. The authority of the chancellor to interpose and take from the directors the power to close up the business of the corporation, and place its affairs in charge of a receiver, is a discretionary power, to be exercised only on good cause shown—upon circumstances disclosed by the proof which show the need of the interference of the court for the protection of creditors or stockholders from breaches of trust by the directors in the performance of their duties. *Rawnsley* v. *Trenton Mutual Life Ins. Co., supra.* Upon the case made, the vice-chancellor properly declined to intervene, and with that result the injunction order should also have been discharged. The operation and effect of the order continuing the injunction is to restrain the directors who are left in charge of the affairs of the company from the performance of duties which, by the statute, are laid upon them in closing up the business of the corporation on the request of more than a majority of its stockholders, and to deprive them of the powers which are necessary to the execution of their duties.

The order continuing the restraining order should be reversed, and the restraining order be set aside, with costs.

*Decree unanimously reversed.*